UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LENA LOVE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-cv-30021 |
| THE LORD NATHAN REST HOME, INC., and MICHAEL JOSEPH, and TAMARA JOSEPH, | : |
| Defendants | : |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL DISCOVERY**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

As reflected in her Complaint in this matter, Plaintiff Lena Love brings this action for equitable relief and compensatory and punitive damages against defendant The Lord Nathan Rest Home, Inc. under Title VII of the Civil Rights Act and other federal civil rights laws and the Massachusetts laws against discrimination and retaliation, and against Michael Joseph and Tamara Joseph under the Massachusetts laws against discrimination for persistent and continuous acts of discrimination against her on the basis of her race and color, for policies and practices which had the effect of discriminating against her on the basis of her race, and for retaliatory actions against her complaining of actions which she reasonably believed constituted violations of the above laws.

1

The Lord Nathan Rest Home, Inc. owns the Lord Nathan Rest Home located at 175 Bowdoin Street, Springfield, MA. Michael Joseph is the President and Tamara Joseph is the Treasurer of Respondent The Lord Nathan Rest Home, Inc. Michael Joseph and Tamara Joseph manage and operate the Lord Nathan Rest Home, together with two other rest homes in Springfield, Massachusetts, the Maple Hill Rest Home and the Ellen Rice Rest Home.

Ms. Love began working for Michael and Tamara Joseph in the Maple Hill Rest Home in 1995 as a Responsible Person. She was laid off from this position in 1997, but was rehired in or around October 1999. In or around December 2001, Ms. Love was promoted by Michael and Tamara Joseph into the position of Manager of the Lord Nathan Rest Home. During the course of her employment with defendants, Ms. Love was subjected to discriminatory actions and omissions by the defendant. In particular, Ms. Love contends that the Defendants treated her differently in the terms and conditions of employment by providing her with less compensation and benefits than similarly situated white employees. Ms. Love also contends that her employment was terminated in retaliation for making complaints about the differential compensation she was receiving.

Ms. Love seeks equitable relief designed to assure that the defendants discontinue policies and practices which serve to foster discrimination against African American employees.  She also seeks compensation for the grave harm has suffered and continues to suffer as a result of the discriminatory and retaliatory actions and omissions of the defendants.

In September 2006, the Plaintiff served the Defendants with her First Set of Interrogatories and Request for Production of Documents.  Responses to that written

2

discovery were received by the Plaintiff on December 13, 2006. Counsel for the Plaintiff and the Defendants have conferred in an effort to resolve disputes about the adequacy of the Defendants' responses pursuant to Local Rules 7.1 and 37.1. However, counsel were unable to resolve differences relating to the adequacy of the Defendants' responses to Interrogatories numbered 5, 12, 18, 19, 20, 21 and 23, and Document Requests numbered 7, 9, 11, 12 and 15.

## II.     ARGUMENT

### A.     THE DEFENDANT HAS FAILED TO ADEQUATELY RESPOND TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

#### 1.     INTERROGATORIES

***Interrogatory 5:***

Please "identify" each of the following individuals:

| | |
|---|---|
| Rita Moser | Monica LaSalle |
| Melissa Atkins | Jane DiMarco |
| Jonathon Coury | Jeannie Williams |
| Alita Love | Anita Norris |
| Cindy Figueroa | Debra Williams |
| Annette Early | Melissa Perez |
| Sheila Parker | |

***Response:***

| | |
|---|---|
| Rita Moser - former employee | Monica LaSalle - former employee |
| Melissa Atkins - former employee | Jane DiMarco - former employee |
| Jonathan Coury - unknown | Jeannie Williams - former employee |
| Alita Love - former employee | Anita Norris - former employee |
| Cindy Figueroa - former employee | Debra Williams - unknown |
| Annette Early - former employee | Melissa Perez - former employee |
| Sheila Parker - former employee | |

***Argument as to Interrogatory No. 5***

In the definitions which accompanied the Interrogatories propounded upon the Defendants, the term "identify" when used with reference to a person, means to: (a)

3

state the individual's full name and Social Security Number; (b) state the individual's most recently available address and telephone number; (c) state the name and address of present employment; (d) state the present position of employment; and (e) state the past position of employment and department if no longer employed. The response of the Defendants clearly does not begin to provide the information sought in the interrogatory. During discussions between counsel pursuant to Local Rules 7.1 and 37.1, the Defendants agreed to provide only the addresses of these individuals last known to the Defendants, but declined to supply any of the other requested information.

Each of the individuals named in the interrogatory are potential witnesses and are known by the Plaintiff to have knowledge of facts which are directly relevant to the claims asserted by the Plaintiff in her Complaint and the defenses to these claims asserted by the Defendants. The Plaintiff does not have current contact information for most of these individuals and has no other means of obtaining the information which is in the possession of the Defendants. This information is urgently needed by the Plaintiff so that she and her attorney are able to communicate with potential witnesses. Social Security numbers are particularly important when seeking to locate individuals who are no longer residing at their last known addresses. To the extent that former employees of the Defendants have a privacy interest in not having their phone numbers or Social Security numbers disclosed, such interests could be fully protected by a properly tailored protective order.

### Interrogatory Nos. 18:

Describe in complete detail the substance of every communication between the Plaintiff and Defendants Michael and Tamara Joseph in the last week of May 2003 relating to the Plaintiff's employment for the Defendants, and for each such communication, please set forth the date of each such communication, the name, address, and relationship to the Defendants, if any, of the person(s) who participated in

each such communication, whether each such communication was written or oral, and, if oral, whether the communication took place in person or over the telephone, and the name(s) of the person(s) who initiated the communication.

*Response:*

OBJECTION: The Defendants object to this Interrogatory as it is overbroad and seeks information which is beyond the scope of discovery. Without waiving this objection, see responses to nos. 11 and 12.

*Interrogatory No. 11:*

Did the Plaintiff at any time prior to May 31, 2003 communicate to the Defendants or any agent or employee of the Defendants that she was intending to contact a lawyer or the Massachusetts Commission Against Discrimination or had in fact contacted a lawyer or the Massachusetts Commission Against Discrimination about any issue related to the Plaintiff's employment for the Defendants?

*Response:*

Yes.

*Interrogatory No. 12:*

If the answer to the preceding interrogatory is affirmative, please set forth a full and complete description of any such communications, including but not limited to the substance of any communications between the Plaintiff and the Defendants or any agent or employee of the Defendants, the dates, times and locations of any such communications, and the names, addresses and phone numbers of any individuals who participated in or overheard any such communications.

*Response:*

The Plaintiff told Mr. Joseph that she had contacted a lawyer.

***Argument as to Interrogatory Nos. 18 and 12***

In general, the Defendants object to the entire Interrogatory yet provide a cursory and wholly inadequate response to the interrogatory. Rule 33 of the Federal Rules of Civil Procedure states that:

> Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

5

The rule quite clearly allows for only one of two responses: answer or object. By failing to follow the rule, the Defendants are attempting to place the Plaintiff in a position where she may not be able to use the answer at trial. As a result, the defendant has engaged in an "incomplete or evasive" answer, as described in Fed.R.Civ.P. 37(a)(3). This type of answer must be treated as a failure to answer by this court under Fed.R.Civ.P. 37(a)(3). The plaintiff requests that the Court strike the objection, and require that the Defendants supply a full and complete response.

The interrogatory is clearly not overbroad. It is extremely narrow in its focus, and only seeks information about the communications between the Plaintiff and the two individually named defendants during the one week period immediately preceding the termination of her employment. There are serious factual disputes about the substance and timing of communications between the parties during this critical week. These communications relate to the complaints of the Plaintiff regarding differential compensation, notice to the Defendants that the Plaintiff had complained to the MCAD about the differential compensation, and the responses of each of the individual Defendants to these communications from the Plaintiff. The Plaintiff is entitled to know what the Defendants will say transpired during these communications, and what they will say about the timing and substance of these communications. The one sentence response to Interrogatory number 12 does not even pretend to be fully responsive to the information sought in Interrogatories 12 and 18, and only relates to one aspect of one such communication.

***Interrogatory No. 19:***

"Identify" every employee of The Lord Nathan Rest Home, Inc., the Maple Hill Rest Home, Inc., and the Ellen Rice Rest Home, Inc. for the period of September 1, 2001 through July 31, 2003, and for each employee, please supply their race, dates of employment, positions and/or job titles held during the above period of time, hourly

rates of compensation during the above period of time, and weeks of vacation leave available to them during the above period of time.

*Response:*

OBJECTION:  This Interrogatory is beyond the scope of discovery as it is not relevant to the claims and/or defenses which is the subject matter of this litigation, and seeks information which violates the privacy of nonparties.

### *Argument as to Interrogatory No. 19*

The Defendant's assertion that the information sought in this interrogatory is irrelevant is entirely specious. The information sought in this interrogatory goes to the very heart of the Plaintiff's disparate treatment claim. The Plaintiff contends that the Defendants treated her differently in the terms and conditions of employment by providing her with less compensation and benefits than similarly situated white employees. In her complaint, Ms. Love has cited specific facts relating to differential compensation involving one direct comparator. Ms. Love is clearly entitled to explore through the discovery process whether there are other comparators who also received differential levels of compensation and employee benefits. In addition, if other African American employees in different positions were being compensated at lower levels than white employees who were similarly situated to them, this evidence would clearly support an inference that the differential compensation of Ms. Love was discriminatory. Furthermore, the Defendants are defending the claim of disparate treatment by contending that there were legitimate, non-discriminatory reasons for compensating Ms. Love at a lower level than the white comparator she has cited in her complaint. Evidence that African American employees were compensated at lower levels than similarly situated white employees would certainly be relevant to a showing that the Defendants' proffered reasons for the Plaintiff's differential compensation are pretextual.

In short, the information sought in this interrogatory may lead to the discovery of evidence concerning the treatment of other, similarly situated employees, show discriminatory employment patterns and practices of the Defendants, and assist in proving pretext. See McDonnell Douglas Corp., 411 U.S. at 801. Such evidence is routinely admitted in cases alleging employment discrimination based on disparate treatment. Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 32 (1st Cir. 2003).

The asserted privacy interests of other employees do not provide a justifiable basis for withholding the information sought in this interrogatory. Information which may be contained in the personnel files of other employees is generally discoverable in employment discrimination cases. See eg., Griffith v. Wal-Mart Stores, Inc., 163 F.R.D. 4, 5 (E.D. Ky. 1995); Willis v. Golden Rule Ins. Co., 1991 WL 550038 at *3-4, 56 FEP Cas. (BNA) 1451, 1454 (E.D. Tenn. 1991). Once again, to the extent that former and current employees of the Defendants have a privacy interest in the information sought in this interrogatory, such interests could be fully protected by a properly tailored protective order.

### Interrogatory No. 20:

If you intend to rely on any statements or admissions made by the Plaintiff to contest the allegations set forth in her Complaint or to support the Defendants' defenses, for each such statement or admission state the date(s) when each such statement or admission was made, and the full text or substance of each such statement or admission.

### Response:

OBJECTION: This Interrogatory seeks information which constitutes attorney work product.

### Argument as to Interrogatory No. 20

The Defendants have failed to supply a "privilege log" as required by Fed.R.Civ.P. 26(b)(5). Furthermore, the interrogatory only seeks to discover the actual substance of statements allegedly made by the Plaintiff. It does not seek any information regarding the work product or thought processes of the Defendants' attorney. No information is sought about the intended uses of such statements or the particular claims or defenses to which such statements might be relevant.

*Interrogatory No. 21:*

Please provide a detailed description of the assets, liabilities and net worth of each of the Defendants, the Maple Hill Rest Home, Inc., and the Ellen Rice Rest Home, Inc., including an itemized list of each component thereof for each year from 2001 until the present.

*Response:*

OBJECTION:  This Interrogatory seeks confidential and proprietary information which is beyond the scope of discovery as it is not relevant to the claims and/or defenses which are the subject matter of this litigation.

*Argument as to Interrogatory No. 21*

Because the plaintiff seeks and may be awarded punitive damages under both state and federal law, the Defendants' financial position is discoverable.  See TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 464 (1993); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 827 (1997).  Federal courts have routinely determined that a detailed inquiry into the size of the Defendants' business and the Defendants' financial worth is relevant to the amount of punitive damages awarded.  Eichenseer v. Reserve Life Ins. Co., 934 F. 2d 1377, 1383 (5th Cir.), cert. den., 499 U.S. 914 (1991); Rodgers v. Fisher Body Division, General Motors Corp., 739 F. 2d 1102, 1109 (6th Cir.1984) (holding that jury in employment discrimination case was properly instructed "that the financial resources of defendant could be considered in fixing the amount of (punitive)

damages"); Littlefield v. McGuffey, 954 F.2d 1337, 1349 (7th Cir. 1992); Hollins v. Powell, 773 F. 2d 191, 198 (8th Cir. 1985), cert. den., 475 U.S. 1119 (1986) ("in assessing punitive damages, it is appropriate to consider a defendant's net worth"); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 213 (9th Cir. 1988) (jury was properly instructed that it could consider defendants' net worth to determine punitive damages). The First Circuit has stated that punitive damages must be enough to "smart" Rowlett v. Anheuser Busch, Inc., 832 F.2d 194, 207 (1st Cir. 1987). Therefore, a plaintiff is entitled to know the defendants' net worth to provide evidence as to what will "smart" to a particular employer.

Information about assets owned by the Defendants is particularly relevant because it reveals the defendants' potential income from those operations. See Phillips v. Hunter Trails Community Ass'n, 685 F. 2d 184, 191 (7th Cir. 1982); Davis v. The Mansards, 597 F. Supp. 334, 347 (N.D. Ind. 1984). See also, Caruso v. Coleman, 157 F.R.D. 344, 348-49 (E.D. Pa. 1994)(reviewing the federal cases on the issue and determining that the plaintiff was entitled to financial records in accordance with the majority rule).

Finally, it is not premature for a plaintiff to seek the defendants' financial information before liability is proven. Baker v. CNA Insurance Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (distinguishing between the admissibility of evidence pertaining to punitive damages, and the right of a claimant to seek information pertaining to the financial condition of a defendant prior to trial in order to prepare his case as to damages, which does require not that a prima facie case be shown). St. Joseph's Hospital v. INA Underwriters Insurance Co., 117 F.R.D. 24, 25-26 (D. Me. 1987); Security Insurance Co. of Hartford v. Meyer Trading Co., No. 86-4522, slip op. (E.D. Pa.

Mar. 20, 1987) (available on LEXIS, 1987 U.S. Dist. LEXIS 14066); <u>Marsillo v. National Surety Corp.</u>, 112 F.R.D. 692, 696 (D. Mont. 1986); <u>Tillery v. Lynn</u>, 607 F. Supp. 399, 402-03 (S.D.N.Y. 1985); <u>Vollert v. Summa Corp.</u>, 389 F. Supp. 1348, 1351 (D. Hawaii 1975) ("not premature for plaintiff to demand discovery of any financial information relevant to the question of punitive damages"); <u>Hoffman v. Sterling Drug, Inc.</u>, 375 F. Supp. 850, 857 (M.D. Pa. 1974); <u>Hughes v. Groves</u>, 47 F.R.D. 52 (W.D. Mo. 1969) ("The law...is well settled...that] [I] information regarding damages is as discoverable as is that which pertains to liability.....No prima facie showing in punitive damages is required to justify discovery.").

*Interrogatory No. 23:*

Please set forth whether any employee of the Defendants, the Maple Hill Rest Home, Inc., and/or the Ellen Rice Rest Home, Inc. has filed a complaint with the Massachusetts Commission Against Discrimination within the past ten (10) years, and, if so, please "identify" each such employee, the dates of their employment, the date and reason for the separation of their employment for the Defendant, if applicable, the date each such complaint was filed, a brief description of the claim(s) asserted in each such complaint.

*Response:*

OBJECTION:  This Interrogatory seeks confidential and proprietary information which is beyond the scope of discovery as it is not relevant to the claims and/or defenses which are the subject matter of this litigation.

### *Argument as to Interrogatory No. 23*

The plaintiffs seek to discover information related to other claims by other employee of incidents of discrimination. Such evidence is relevant because the Plaintiff may establish her claim through the use of circumstantial evidence, including evidence of the Defendants' discriminatory actions and inaction toward other employees.  *See e.g. Cummings v. Standard Register Co.*, 265 F.3d 50, 63 (1st Cir. 2001).   In other words, the Plaintiff may potentially show the discriminatory animus of Defendants

11

against the Plaintiff through the complaints of other employees who had or have similar claims against the Defendants.  This circumstantial evidence may be relied on, as the First Circuit Court of Appeals has noted, because "discrimination is often subtle and pervasive…to this end, evidence of a discriminatory 'atmosphere' may sometimes be relevant to showing the corporate state-of-mind…." *Id.*  Such evidence "tend[s] to add "color" to the employer's decision-making processes and to the influences behind the actions taken with respect to the individual plaintiff." *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597 (1st Cir. 1987). Evidence of other complaints may lead to admissible circumstantial evidence concerning the atmosphere pervasive at the plaintiffs' workplace, and may help to uncover what courts have described as the "subtle, insidious character" of discrimination.  *Id.*  Accordingly, the response to this Interrogatory should be compelled.

    Because Plaintiff has asserted a claim of race bias, the motivations of the individual named Defendants, who each played a central role in the termination of the Plaintiff, are relevant. Other charges of discrimination against the Defendants may constitute circumstantial evidence of discrimination against the Plaintiff, especially if those charges are initiated by other individuals in the Plaintiff's same, statutorily protected class. See Johansen v. NCR Comten, 30 Mass. App. Ct. 294, 298 (1991). See also Papandrea v. Northeast Security Inc., 1996 WL 1186919 (Mass. Super.) (court ordered defendant to turn over evidence of other claims of sex harassment, including personnel files).

## 2. REQUESTS FOR THE PRODUCTION OF DOCUMENTS

***Document Request No. 7:***

Any and all phone records of the Defendants for the period of May 15, 2003 through July 15, 2003, including but not limited to any phone records for personal or business telephones reflecting calls made by Defendants Michael and Tamara Joseph to the Plaintiff.

***Response:***

OBJECTION: The Defendants object to this request to the extent it seeks documents which are beyond the scope of discovery as such documents are not relevant to the claims or defenses which are the subject matter of this litigation.

### *Argument as to Document Request No. 7*

The Plaintiff contends that her final communications with the individual named Defendants occurred over the telephone. There is a factual dispute about the timing and sequence of these calls, and information relating to the timing and sequence of these calls with either add to or detract from the credibility of the respective parties' positions regarding the disputed substance of these telephonic communications. The requested phone records may lead to the discovery of relevant and admissible evidence, and should be produced.

***Document Request No. 9:***

Any and all documents, including handwritten, typewritten or electronic notes, messages or summaries relating in any way to any complaints of discrimination and/or retaliation to the Defendants or to the Massachusetts Commission Against Discrimination made by any employee of the Defendants, the Maple Hill Rest Home, Inc., and/or the Ellen Rice Rest Home, Inc. within the past ten (10) years.

***Response:***

OBJECTION: The Defendants object to this request to the extent it seeks documents which are beyond the scope of discovery as such documents are not relevant to the claims or defenses which are the subject matter of this litigation.

### *Argument as to Document Request No. 9*

See argument with respect to the Defendants' objections to Interrogatory 23 above.

### *Document Request No. 11:*

Documents reflecting the current net worth of the Defendants, the Maple Hill Rest Home, Inc., and/or the Ellen Rice Rest Home, Inc. including but not limited to the their most recent financial statements, profit and loss statements, audits, Secretary of State filings, and annualized financial reports to the their Boards of Directors.

### *Response:*

OBJECTION:  The Defendants object to this request to the extent it seeks documents which are beyond the scope of discovery as such documents are not relevant to the claims or defenses which are the subject matter of this litigation.

### *Argument as to Document Request No. 11*

See argument with respect to the Defendants' objections to Interrogatory 21 above.

### *Document Request No. 12:*

The federal and state tax returns for the Defendants, the Maple Hill Rest Home, Inc., and/or the Ellen Rice Rest Home, Inc. for the past five years.

### *Response:*

OBJECTION:  The Defendants object to this request to the extent it seeks documents which are beyond the scope of discovery as such documents are not relevant to the claims or defenses which are the subject matter of this litigation.

### *Argument as to Document Request No. 12*

See argument with respect to the Defendants' objections to Interrogatory 21 above.

### *Document Request No. 15:*

Any and all documents relied upon by the Defendants in responding to the Interrogatories propounded upon them by the Plaintiff.

*Response:*

OBJECTION: The Defendants object to this request to the extent it seeks documents protected by the attorney/client privilege.

### *Argument as to Document Request No. 15*

The Defendants have failed to supply a "privilege log" as required by Fed.R.Civ.P. 26(b)(5). Furthermore, the interrogatory only seeks to discover the actual documents which are related to or relevant to information supplied in response to Interrogatories. The request does not seek any information regarding the work product or thought processes of the Defendants' attorney.

### III.   CONCLUSION

For the reasons noted above, the Plaintiff respectfully requests that the defendants produce responses to the Interrogatories and Requests for the Production of Documents noted above.

        Respectfully submitted,

        PLAINTIFF LENA LOVE
        By her Attorney,


        _____/s/ Hugh D. Heisler_____
        Hugh D. Heisler, Esq.
        BBO # 563925
        Heisler, Feldman, McCormick &
           Garrow, P.C.
        1145 Main Street, Suite 508
        Springfield, MA  01103
        (413) 788-7988


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically

upon the attorneys of record for the Defendants on February 21, 2007.

                                                /s/ Hugh D. Heisler
                                                Hugh D. Heisler