**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**DOCKET NO. 06-30021- MAP**

| | |
|---|---|
| **LENA LOVE,** | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE LORD NATHAN REST** | ) |
| **HOME, INC., MICHAEL** | ) |
| **JOSEPH AND TAMARA** | ) |
| **JOSEPH,** | ) |
|     **Defendants** | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

INTRODUCTION

The Plaintiff, Lena Love, ("Love") was employed for the second time by the Defendant, Lord Nathan Rest Home, Inc., ("Lord Nathan") from October, 1999 through May, 2003. Love has filed a complaint against Lord Nathan and Michael Joseph and Tamara Joseph (the "Individual Defendants") alleging violations of federal and state antidiscrimination and civil rights laws based on race.

Counsel for Love served discovery requests upon the Defendants (the Individual Defendants and Lord Nathan will be collectively referred to as the "Defendants"). The Defendants have responded to some of the discovery requests and objected to other requests.

LEGAL ARGUMENT

Many of Love's discovery requests seek information that is overly broad and beyond the scope of discovery as defined by the Federal Rules of Civil Procedure. Some of Love's requests seek information that is irrelevant to the claims and defenses which are the subject matter of this cause of action and violate the privacy of nonparties. The Defendants will address the discovery requests based on their specific objections.

SCOPE OF DISCOVERY

The Federal Rules of Civil Procedure confer upon the trial courts the authority to restrict discovery which is unduly burdensome or expensive. See Mack v. Great Atlantic & Pacific Tea Co., Inc., 871 F.2d. 179, 187 (1st Cir. 1989). In exercising this authority, courts should balance the need to know of the inquiring party against the respondent's right to be free from unwarranted intrusions. Id at 187.

REQUESTS WHICH VIOLATE THE PRIVACY RIGHTS OF NONPARTIES

Interrogatory No. 5 violates the privacy rights of nonparties. Interrogatory No. 5 seeks personal information of former employees of Lord Nathan who are nonparties to this action. Lord Nathan has agreed to provide the last known address of each former employee. Lord Nathan has refused to provide other information regarding former employees particularly their Social Security Numbers ("SSNs").

There is ample case law regarding the privacy interest of individuals in their SSNs. In Aronson v. Internal Revenue Service, 767 F. Supp. 378, 388 (Mass. 1991),

the District Court observed that individuals have a strong privacy interest in their SSNs. Similarly in Greidinger v. Davis, 988 F.2d 1344, 1353 (4th Cir. 1993) the Fourth Circuit acknowledged that an individual's concern over the confidentiality and misuse of an SSN is compelling.

Love seeks the SSNs of former employees of Lord Nathan. The release of the SSNs of former employees could expose these individuals to the misuse of these SSNs. In In Re Crawford, 194 F.3d 954, 955 (9th Cir. 1999) the Ninth Circuit observed that "… the indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses, may implicate the constitutional right to informational privacy." This is precisely the information which Love is seeking and should be precluded from obtaining.

In Lightsey v. Potter, N.D. Ga. 10-12-2006, a discrimination case filed under Title VII, the plaintiff filed a motion to compel the production of the SSNs of certain co-workers. In denying the disclosure of the SSNs, the District Court concluded that the plaintiff was not entitled to the SSNs "because this information is private and confidential and the information is not relevant to Plaintiff's Title VII claims."

Similarly, in Soto v. ECC Industries, Inc., C.V. 2005-4764 (E.D. N.Y. 2006) the Magistrate Judge denied the plaintiff's request for SSNs because of the strong privacy interest of the individuals. Finally, in Andrews v. Cruz, 04 Civ. 0566 (S.D.N.Y. 2006) the Court found that the redaction of the requested SSNs, home addresses and family information was appropriate to protect personal and private information despite a protective order which was in effect.

As Love has not shown any particularized need for the personal and private information of the former employees this request of Defendants should be denied.

Document Request No. 7 seeks any and all personal and business phone records of the Defendants for the period May 15, 2003 through July 15, 2003. As the justification for this broad request, Love contends that there is a factual dispute concerning the timing and sequence of telephone calls between the parties and "may lead to the discovery of relevant and admissible evidence." Love does not provide sufficient justification for her need to know all of the telephone calls made by and to the Defendants for a two month period when balanced against the Defendants' right to be free from unwarranted intrusion into private matters. Love's Motion to Compel Production of Documents in response to Document Request No. 5 should be denied.

REQUESTS WHICH SEEK INFORMATION WHICH IS BEYOND THE SCOPE OF DISCOVERY

Interrogatory Nos. 19 and 23 and Document Request No. 9 are beyond the scope of discovery. Interrogatory No. 19 seeks information regarding individuals who are not Love's comparators and Interrogatory No. 23 and Document Request No. 9 seek information which is overly broad in time (ten years) and irrelevant to the claims and defenses in this action which is limited to claims of discrimination based on race.

In order to prevail on her claims of discrimination, Love must show that she was treated differently than another similarly situated individual. An individual who is similarly situated to Love is one who is similarly situated "in terms of performance, qualifications and conduct, without such differentiating or mitigating circumstances that would distinguish their situation." Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1977) citing to Smith v. Stratus Computer, Inc., 40 F.3d 11, 17 (1st Cir.

1994).  Interrogatory No. 19 seeks information about every employee for a two year period and is not limited to employees who are similarly situated to Love.  Therefore Love's Motion to Compel a response to Interrogatory No. 19 should be denied as it seeks information which is beyond the scope of discovery.  Any such information required to be disclosed should be limited to coworkers who were similarly situated to Love.

Similarly, Interrogatory No. 23 and Document Request No. 9 seek information regarding any complaint filed with the Massachusetts Commission Against Discrimination in the past ten (10) years.  These discovery requests are overbroad in time and subject matter.  (Chavez v. Daimler Chrysler Corporation, (IP00 – 1179 – C – T/K S.D. Ind. 2002 request for lawsuits in past five years is an appropriate request).  Generally, courts have held that discovery requests regarding lawsuits by other employees are limited to a reasonable time period and to lawsuits of the same nature as the subject matter of the pending cause of action.  In Morgenstern v. Int'l Alliance, Theatrical Stage Emp., No. C 05-03156 (N.D. Cal. 8-17-2006) the Court held that the plaintiff was only entitled to receive documents concerning past discrimination which was of the same type that she was alleging in her complaint,  citing to Obrey v. Johnson, 400 F.3d 691 (9th Cir. 2005) and Brown v. Trustees of Boston Univ., 891 F.2d 337 (1st Cir. 1989).  Therefore, in this case Love is only entitled to documents concerning past litigation based on race.  The Defendants respectfully request that the production of any such documents be limited to the past five years.

REQUESTS SEEKING FINANCIAL INFORMATION

Interrogatory No. 21 and Document Requests Nos. 11 and 12 seek private financial information regarding each of the Defendants. While courts have permitted limited financial discovery in cases in which punitive damages are sought, many courts limit the scope of confidential financial information which must be disclosed.

Courts have recognized that personal financial information is universally presumed to be private. See In Re Boston Herald, Inc., 321 F.3d 174, 190 (1st Cir. 2003). Public policy recognizes the importance of financial privacy. Id.

Therefore, some courts provide that financial information should not be provided until a prima facie showing of discrimination has been made. See Chenoweth v. Schaaf, 98 F.R.D. 587 (W.D. Pa. 1983); John Does I – VI v. Yogi, 110 F.R.D. 629 (D.D.C. 1986); and Rupe v. Fourman, 532 F. Supp. 344 (S.D. Ohio 1981).

Still other courts have held that once a plaintiff has demonstrated that his claim for punitive damages is not spurious, the plaintiff can discover the financial condition of the defendant. Mid Continent Cabinetry v. George Koch Sons, Inc., 130 F.R.D. 149, 152 (Kan. 1990) citing to Voilert v. Summa Corp., 389 F. Supp. 1348, 1351 (1975).

Other courts which have permitted discovery of financial information without requiring the establishment of a prima facie case strictly limit any such disclosure to current net worth. See Woods-Drake v. Lundy, 667 F.2d 1198, 1203 n.9 (5th Cir. 1982); Cincinnati Insurance Co., v. Clark, No. 91-0820, 1992 WL 34128, at #2 (E.D. Pa. Feb. 19, 1992); and Ward v. Terex Teletect, No. Civ. 05-198 (N.M. 2005).

In the instant case, the Defendants respectfully request that Love's Motion to Compel Production of financial information be denied until Love demonstrates that the claim for punitive damages is not spurious. In the alternative, the Defendants request

6

that any financial disclosure be limited to the current net worth of Lord Nathan only and that any such information be produced only pursuant to a strict protective order.

                                      Respectfully submitted,

                                      The Defendants,
                                      By Their Attorney,

                                      /s/ Tani E. Sapirstein
                                      Tani E. Sapirstein, Esq.
                                      BBO #236850
                                      SAPIRSTEIN & SAPIRSTEIN, P.C.
                                      1350 Main Street, 12th Floor
                                      Springfield, MA 01103
                                      Tel:   (413) 827-7500
Dated: March 7, 2007                  Fax:   (413) 827-7797

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid:

Hugh D. Heisler, Esq.
Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

                                      /s/ Tani E. Sapirstein
                                      Tani E. Sapirstein

Dated:  March 7, 2007

K:\WP61\CASEFILE\Joseph\Defs Memo Law Opp P's Mot Compel Disc.doc